52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger D. COLEMAN, Defendant-Appellant.
 No. 94-6089.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This federal prisoner, represented by counsel, appeals a district court judgment finding him guilty of arson. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In April of 1994, a jury found Roger D. Coleman guilty of arson, in violation of 18 U.S.C. Sec. 844(i). The district court sentenced Coleman to 23 months of incarceration, three years of supervised release, 400 hours of community service, and a $50 special assessment.
 
 
 4
 In his timely appeal, Coleman asserts that the conviction is not supported by the evidence. The court reviews the evidence, and all reasonable inferences from the evidence, in a light most favorable to the government. United States v. Gibson, 675 F.2d 825, 829 (6th Cir.), cert. denied, 459 U.S. 972 (1982). The evidence is sufficient to support a conviction if any rational finder of fact would accept the evidence as establishing each essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 5
 The evidence established each essential element of the crime. In order to support a conviction for violation of 18 U.S.C. Sec. 844(i), the government must prove beyond a reasonable doubt that: 1) the defendant maliciously damaged or destroyed a building, or attempted to do so; 2) the defendant damaged or destroyed the building by fire; and 3) the building was being used in interstate commerce or in an activity affecting interstate commerce. United States v. Triplett, 922 F.2d 1174, 1177 (5th Cir.1991).
 
 
 6
 The jury heard testimony that made it reasonable to infer that Coleman maliciously destroyed a building by fire. The jury heard testimony that supports the conclusion that the fire was deliberately set. Two expert witnesses testified that the fire was not accidental. Each expert independently concluded that the fire started low and that a puddle shaped "spalling" pattern (cracking, chipping, or flaking caused by intense heat) on the concrete floor indicated that the fire started in Coleman's office area with the aid of a chemical accelerant. Neither expert believed that the fire was caused by an electrical fault, or by a gas line leak. Moreover, the intensity of the fire belied any contention that it was accidental, and supported the conclusion that the fire was aided by a chemical accelerant. The fire completely destroyed the building.
 
 
 7
 The jury heard that Roger Coleman was the last person to leave the office area of the building. None of the other employees entered the area of the fire's origin before leaving the store. In addition, although a person's motive for committing a crime is not an element which the government must prove beyond a reasonable doubt, the jury heard evidence that made it reasonable to infer that Coleman had been defrauding his employer by authorizing excessive refunds, or that Coleman had stolen money from the safe. In either case, the government's theory of the case was that Coleman set the fire to destroy the evidence of his fraud, or the evidence of his theft, or both. In addition, the jury heard evidence that Coleman gambled and drank to an extent far in excess of his income. In fact, the jury heard testimony which allowed it to compare his income from all sources to his known expenses. Coleman told investigators that the sizable discrepancy between his income and expenses was paid for by his mother-in-law. His mother-in-law, however, contradicted that claim. This evidence reasonably caused the jury to doubt Roger Coleman's credibility and question his motive for being untruthful.
 
 
 8
 The jury heard evidence which supports the finding that the building was being used in interstate commerce or in an activity affecting interstate commerce. Proof of this element only requires a de minimis effect on interstate commerce. See United States v. Stillwell, 900 F.2d 1104, 1110 (7th Cir.1990). The fire set by Coleman destroyed a shopping center, valued at approximately three million dollars. The shopping center housed five businesses, all of which shipped supplies and goods in and out of the state. The business that employed Coleman was Fontleroy's Supply, which had its corporate headquarters in another state. Thus, the business of the destroyed building clearly was an activity affecting interstate commerce.
 
 
 9
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation